IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gary Legrande Wise, #285074, a/k/a Gary L. Wise, | ) ) ) |
| Petitioner, | ) Civil Action No. 6:09-1361-HFF-WMC ) ) **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) ) |
| Warden of Turbeville Correctional Institution, | ) ) ) |
| Respondent. | ) ) |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently confined in the Turbeville Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Florence County Clerk of Court. The petitioner was indicted at the January 2001 term of the Florence County Grand Jury for three counts of criminal sexual conduct with a minor in the first degree, one count of criminal sexual conduct with a minor in the second degree, and four counts of lewd act on a minor (2001-GS-21-311). He was represented by attorney Henry M. Anderson. On June 18, 2002, the petitioner pleaded guilty to four counts of lewd act on a minor. In exchange for the guilty plea on those charges, the State agreed to dismiss the remaining charges. The petitioner was sentenced by the Honorable James Brogdon to four concurrent terms of imprisonment of 15 years each.

A timely notice of appeal was made on the petitioner's behalf. However, the South Carolina Court of Appeals dismissed the appeal and entered a remittitur at the petitioner's request by order dated July 11, 2003. The petitioner contends in his current application that he involuntarily waived his right to appeal. Prior to the dismissal of the appeal, on July 7, 2003, the petitioner filed a PCR application, alleging plea counsel misadvised him regarding sentencing and parole eligibility (2003-CP-21-1254). In particular, he alleged that his counsel lied to him about the amount of time he would receive if he pleaded guilty and told him that he had to serve only one/third of the sentence before parole, yet he must serve 85%. In that application, the petitioner noted that he had voluntarily dismissed his direct appeal. The respondent submitted a return on November 18, 2003.

An evidentiary hearing was held before the Honorable John L. Breeden, Jr. on February 18, 2005, at the Florence County Courthouse. The petitioner was present and represented by J. David Banner. The respondent was represented by Julie Thames, Assistant Attorney General. At the hearing, testimony was received from the petitioner and Henry Anderson. After hearing argument, Judge Breeden orally denied relief. On July 6, 2005, the court issued an order dismissing the application with prejudice. The order was not timely appealed and became the subject of the 2005 PCR application.

The petitioner next made a second application for post-conviction relief on November 17, 2005. *Wise v. State,* 2005-CP-21-1970. The respondent made its return on September 28, 2006. A hearing was convened at the Florence County Courthouse County Courthouse on October 2, 2006, before the Honorable Michael G. Nettles, Presiding Judge. The petitioner was present and represented by attorney Charles T. Brooks, III. The respondent was represented by Sabrina C. Todd of the South Carolina Attorney General's Office. In that 2005 application, the petitioner alleged that he was being held in custody unlawfully for the following reasons:

2

1. Ineffective assistance of plea counsel/ newly discovered evidence, in that plea counsel:

    a. Failed to move to withdraw the Petitioner's guilty pleas after the court injected personal opinions and feelings regarding pedophilia, and

    b. Counsel should have concluded that the Petitioner would receive a maximum sentence from the plea court because of the court's grave dislike for accused pedophilia.

2. Ineffective assistance of PCR counsel/newly discovered evidence, in that PCR counsel failed to promptly appeal the dismissal of his first PCR action.

In its return, the respondent admitted the petitioner did not freely and voluntarily waive his appellate rights and thus submitted he was entitled to appellate review of the denial of his first PCR action. Counsel for the respondent admitted the same at the hearing and moved to dismiss the petitioner's remaining claims on the grounds they were successive and barred by the statute limitations. The petitioner, however, agreed personally and through counsel to withdraw and abandon all other issues in his application with prejudice. The court questioned him under oath regarding that decision and is satisfied that it was his own voluntary and knowing decision. Judge Nettles entered an order pursuant to *Austin v. State*, 305 S.C. 453, 409 S.E.2d 395 (1991) (where the post-conviction relief court determines the applicant did not freely and voluntarily waive his appellate rights, the applicant may petition the South Carolina Supreme Court for review of post-conviction relief issues). See *King v. State*, 308 S.C. 348, 417 S.E.2d 868 (1992).[1] The PCR court further found that the petitioner abandoned all of his remaining issues.

The petitioner appealed the matter pursuant to *Austin v. State*. The petitioner was initially represented in the appeal by Wanda H. Carter, deputy Chief Attorney of the S.C.

---

[1] "Even where the post-conviction relief judge makes this finding, he may not grant relief on this basis. Instead, the applicant must petition this Court for... review ." *Davis v. State*, 288 S.C. 290, 291 n. 1, 342 S.E.2d 60 n.1 (1986) (emphasis added).

Division of Appellate Defense. On April 28, 2008, counsel made a "Petition for Writ of Certiorari" asserting the following question presented:

> The PCR court properly ruled that petitioner did not voluntarily waive his right to his first PCR appeal.

On the same date, counsel Carter made a "*Johnson* Petition for Writ of Certiorari Pursuant to *Austin v. State*" requesting to be relieved and asserting as the sole arguable claim:

> [T]rial counsel erred in failing to advise petitioner of the sentencing consequences of his pleas.

In the *Johnson* petition, the petitioner claimed that his plea agreement was for a probationary sentence and he was not told he was facing a maximum sentence of 15 years or have to register as a sex offender. On June 9, 2008, the petitioner made a "Pro Se Petition to Johnson Brief." In that *pro se* document, he apparently claimed that the use of prior offenses was improper and that the trial counsel was ineffective in his comment that he would receive a probationary sentence and did not discuss with him the maximum sentence of 15 years or that he would have to register as a sex offender. On December 4, 2008, the Supreme Court of South Carolina entered an order granting the petition for writ of certiorari from Judge Breeden under *Austin*, denied the petition for writ of certiorari from Judge Breeden's order, and granted counsel's request to be relieved. *Wise v. State*, Order, (S.C.S.Ct. Dec. 4, 2008). The remittitur was entered on December 22, 2008.

In his *pro se* petition now before this court, the petitioner makes the following allegations as to why he is being held in custody unlawfully:

(1) Involuntary Guilty Plea.

(2) Unconstitutional Ineffective Assistance of Counsel.

(3) Prior Bad Acts Hearsay Testimony.

On July 28, 2009, the respondent filed a motion for summary judgment. By order filed July 29, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the

4

petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion for summary judgment on August 28, 2009. On January 12, 2010, the petitioner filed a motion to disqualify this court and the Honorable Henry F. Floyd, United States District Judge, from "passing judgment on the merits of the petitioners pending motion 'vacate sentence ....'" This motion was denied as meritless by text order filed January 13, 2010. On January 21, 2010, the petitioner filed a motion for appointment of counsel, which was denied by order filed January 25, 2010, for the reasons stated in the order.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

5

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

## ANALYSIS

*Ground One*

In ground one, the petitioner asserts that his guilty plea was involuntarily entered because he was advised that he would have a probationary sentence, was not told he was facing a maximum 15-year sentence, and was not advised about parole consequences. The State PCR court, finding that counsel's testimony was credible, rejected the petitioner's factual assertions (PCR Order at 4-6).

When reviewing a claim of an involuntary guilty plea, a court must consider the totality of the record, including the testimony from the PCR hearing as well as the transcript

6

of the guilty plea. *See e.g., Bennett v. State*, 638 S.E.2d 673, 675 (S.C. 2006); *Stalk v. State*, 652 S.E.2d 402, 406-407 (S.C. Ct. App. 2007). Statements made during a guilty plea should be considered conclusive and carry a presumption of verity unless a criminal inmate presents valid cogent reasons why he should be allowed to depart from the truth of his statements. *Edmonds v. Lewis*, 546 F.2d 566, 568 (4th Cir.1976) (quoting *Crawford v. United States*, 519 F.2d 347 (4th Cir.1975)).

An applicant may attack the voluntary, knowing, and intelligent character of a guilty plea entered on the advice of counsel by demonstrating that counsel's representation was below an objective standard of reasonableness. *Porter v. State*, 629 S.E.2d 353, 356 (S.C. 2006). The "prejudice" requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In other words, the applicant must prove prejudice by showing that, but for counsel's inadequacy, there is a reasonable probability he would not have pleaded guilty and, instead, would have insisted on going to trial. *Suber v. State*, 640 S.E.2d 884, 886 (S.C. 2007). To find a guilty plea is voluntarily and knowingly entered into, the record must establish the defendant had a full understanding of the consequences of his plea and the charges against him. *Roddy v. State*, 528 S.E.2d 418, 421 (S.C. 2000). "'A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both.'" *Pittman v. State*, 524 S.E.2d 623, 625 (S.C. 1999) (quoting *State v. Ray*, 427 S.E.2d 171, 174 (S.C. 1993)). "[T]he voluntariness of a guilty plea is not determined by an examination of the specific inquiry made by the sentencing judge alone, but is determined from both the record made at the time of the entry of the guilty plea and the record of the post-conviction hearing." *Harres v. Leeke*, 318 S.E.2d 360, 361 (S.C. 1984). Further, in considering an allegation on PCR that a guilty plea was based on inaccurate advice of counsel, the transcript of the guilty plea hearing will be considered to determine

7

whether any possible error by counsel was cured by the information conveyed at the plea hearing. *Wolfe v. State*, 485 S.E.2d 367, 370 (S.C. 1997).

The record shows that at the outset of the plea, after the jury had been voir dired and selected the day before, plea negotiations resulted in an agreement for the petitioner to plead to four separate counts of lewd act on a minor child "which would be up to 15 years on each count. There has been no agreement as to sentencing" (App. 3). It was further indicated that "he would plead straight up on those charges" (App. 3). The other counts were to be dismissed. Counsel Anderson indicated to the trial judge that was his understanding of the plea (App. 5). Counsel, in the petitioner's presence, confirmed that he had discussed with the petitioner that the charges carried 0 to 15 years and a fine in the judge's discretion and that no recommendation had been made (App. 5).

At the plea, the petitioner confirmed his understanding of the charges to which he was pleading (App. 6-9). After being advised of his jury trial rights, the petitioner confirmed his understanding that he was facing 15 years on each count of lewd act:

> Q. And you understand the consequences that on each of these charges you could receive a sentence of fifteen (15) years?
>
> A. Yes, sir.

(App. 15-16). Further, during the plea proceeding, counsel Anderson confirmed that the facts of the allegations were admitted with the exception of a discrepancy as to who owned one of the homes described by the solicitor (App. 33-34). Counsel further acknowledged that he had explained to the petitioner that he would have to register as a "sexual predator" and would be subject to the possibility of being confined with the Department of Mental Health after his sentence was satisfied (App. 34-35). The petitioner admitted that these factors had been explained to him by counsel and that he understood them (App. 35).

8

Judge Brogdon described the facts as "the worst I have ever seen" and "despicable does not adequately describe it" (App. 35-36). The court gave the maximum sentence of 15 years, but because the petitioner was pleading guilty, he ran the sentences concurrently (App. 37).

During the PCR proceeding, counsel Hank Anderson again confirmed his advice. Counsel first noted that although the petitioner had been advised of the trial date, he did not show up for jury selection (App. 58-59). Counsel specifically stated that he never told the petitioner that he was going to get probation (App. 59). However, he advised the petitioner that he would ask for a concurrent sentence, which the petitioner did receive. Counsel also confirmed that he had discussed the 15-year sentence with the petitioner (App. 60). On cross-examination, counsel testified that he had discussed all of the charges with the petitioner. He specifically denied that he ever told the petitioner that if he gave him a certain amount of money he could get the charges dismissed (App. 62). He again described that prior to the plea he met with the solicitor and that the solicitor agreed to dismiss the most serious charges of criminal sexual conduct in exchange for a plea to the lewd acts (App. 63). He stated that he explained to the petitioner that he could receive 15 years on each count and that he was facing a total of 60 years on the four counts of lewd act. He told the petitioner that if they put forth a good case at the plea he hoped that the judge would run the sentences concurrently (App. 63-64). Counsel stated that the plea agreement was reached during a 30- to 45-minute discussion before the plea was entered. Counsel stated that he had discussed with the petitioner the elements of the crimes, and he gave the petitioner a copy of the statutes, elements of each crime, and the discovery he received from the solicitor as soon as he received it (App. 65).

At the PCR hearing, Judge Breeden reviewed the plea transcript and resolved that the petitioner was aware that he was pleading straight up and facing a 60-year sentence

9

(15 years on each count) prior to the plea, with no promise of a probationary sentence (App. 70-73). Similarly, in his subsequent written order, Judge Breeden concluded:

> This court finds that the allegation that trial counsel's representation fell below reasonable professional norms is without merit. This Court also finds trial counsel's testimony more credible than that of the Applicant. Trial counsel fully explained the charges, the elements, and the potential sentences the Applicant was facing. Further, this Court finds that trial counsel diligently pursued a favorable plea negotiation even when the Applicant was not cooperating by not appearing for meeting with trial counsel. This Court finds the Applicant's testimony that trial counsel said he could get the charges thrown out or that the Applicant could get probation not credible.
>
> **CONCLUSION**
> This Court concludes that the Applicant failed to carry his burden of proof to show that trial counsel's representation fell below reasonable professional norms or that he was prejudiced by the alleged deficient representation. The Applicant's former trial counsel rendered reasonably effective assistance under prevailing professional norms and demonstrated a normal degree of skill, knowledge, and professional judgment that is expected of an attorney in a criminal case. *Strickland v. Washington, supra*; *Cherry v. State, supra*. Additionally, the Applicant did not carry his burden of proof to show a reasonable probability that the result at trial would have been different had trial counsel done what the Applicant alleges he should or should not have done. *Butler v. State, supra*. Further, the guilty plea transcript establishes that the Applicant was properly advised of the consequences of his plea and the charges against him. *Boykin v. State, supra*.

(PCR Order at 5-6).

Here, the record of the guilty plea and PCR hearing show that the petitioner had a full understanding of the consequences of his plea and the charges against him. Further, the petitioner has not demonstrated that his plea counsel's representation was below an objective standard of reasonableness and that, but for counsel's inadequacy, there is a reasonable probability he would not have pleaded guilty and, instead, would have insisted on going to trial. The state PCR court reasonably applied the relevant precedents and made a

10

reasonable determination of the facts in light of the evidence before it. Accordingly, the claim fails.

***Ground Two***

In ground two, the petitioner alleges that his counsel was ineffective prior to and during the plea. In his petition, the petitioner makes reference to the Appendix on pages 118-119 (pet. at 6), which consists of two pages of Judge Nettles' Order of Dismissal with *Austin v. State* Findings. In his second PCR action, which was at issue in Judge Nettles' order, the petitioner made the following ineffective assistance of counsel claims that are described on the cited pages:

> 1. Ineffective assistance of plea counsel/ newly discovered evidence, in that plea counsel:
> A. Failed to move to withdraw the Petitioner's guilty pleas after the court injected personal opinions and feelings regarding pedophilia, and
> B. Counsel should have concluded that the Petitioner would receive a maximum sentence from the plea court because of the court's grave dislike for accused pedophilia.
>
> 2. Ineffective assistance of PCR counsel/newly discovered evidence, in that PCR counsel failed to promptly appeal the dismissal of his first PCR action.

(App.. 118-19).

The State admitted the petitioner did not freely and voluntarily waive his appellate rights and thus submitted he was entitled to appellate review of the denial of his first PCR action. The State asserted that the claims of ineffective assistance of counsel in the first specification should be dismissed because they were not raised in the first PCR action and thus they were successive and barred by the statute of limitations (App. 119-20). The petitioner agreed personally and through counsel to abandon the claims in the first specification with prejudice. The record of the proceedings reveals that Judge Nettles questioned the petitioner, under oath, concerning his agreement to abandon the claims (App.

11

113-15). Judge Nettles was satisfied that the petitioner's decision was knowing and voluntary (App. 119).

The claims in the first specification of ground two are procedurally barred. If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A petitioner may establish a fundamental miscarriage of justice by showing that a constitutional error probably resulted in the conviction of one who is actually innocent. In order to raise a claim of actual innocence, a prisoner "must present evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner has not met this burden. *See Weeks v. Angelone*, 176 F.3d 249, 274 (4th Cir. 1999) (As "this Court does not recognize a constitutional right to counsel on state habeas, the alleged ineffective assistance of habeas counsel cannot constitute cause to excuse [the petitioner's] defaulted ineffective- assistance-of-trial-counsel claims.").

In his second specification of ground two, the petitioner alleges ineffective assistance of counsel in that his first state PCR counsel failed to appeal the dismissal of the first PCR action. The state PCR court addressed this issue in the second PCR action, and state procedural relief was granted under *Austin v. State*, 409 S.E.2d 395 (S.C. 1991). Since the Sixth Amendment does not apply to collateral proceedings, the petitioner's assertion is not cognizable in this proceeding. The claim is barred by 28 U.S.C. § 2254(i), which states: "The ineffectiveness or incompetence of counsel during Federal or State collateral

12

post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." It is well-settled that there is no constitutional right to habeas counsel in state collateral proceedings. *See Barraza v. Cockrell,* 330 F.3d 349, 352 (5th Cir.2003) ("there is no constitutional right to competent habeas counsel," and state statutory requirement for the appointment of competent habeas counsel does not create a constitutionally secured right); *Weeks,* 176 F.3d at 274 ("[T]his Court does not recognize a constitutional right to counsel on state habeas . . . ."). Accordingly, this claim fails.

***Ground Three***

In ground three, the petitioner asserts that prior bad act evidence was introduced against him at the sentencing. The record reveals that the petitioner asserted at the state PCR hearing that there was hearsay evidence presented at sentencing regarding two victims, T_____ and B_____, who had not been named as victims in the indictments. At the PCR hearing, the petitioner complained that these were prior bad acts and should have been objected to by his counsel (App. 52-53, 56). Counsel Anderson stated that he did not object to the comments from the victims in other crimes (App. 64-65). Anderson stated that if they had gone to trial, he felt this evidence from the other crimes would have been admissible under a *Lyle*[2] exception (App. 60). Judge Breeden addressed the claim in his oral order wherein he determined that plea counsel was not ineffective in failing to object and had counsel objected that it would not have made a difference in the sentence imposed (App. 73-74).

---

[2]South Carolina law precludes evidence of a defendant's prior crimes or other bad acts to prove the defendant's guilt for the crime charged, except to establish: (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or (5) the identity of the perpetrator. SCRE 404(b); *State v. Lyle*, 118 S.E. 803, 807 (S.C. 1923).

13

The petitioner raises the claim herein as a free-standing claim. The record reveals that during the plea, Solicitor Wells discussed that fact that there were other incidents that the state would have presented at trial under the *Lyle* prior bad act exceptions (App. 24-33). As noted by the respondent, however, the rules of evidence are inapplicable in state sentencing proceedings in South Carolina. SCRE 1101(d)(3); *State v. Gulledge*, 487 S.E.2d 590 (S.C. 1997). Further, the free-standing claim does not create a cognizable claim. Federal habeas relief simply does not lie for errors of state law as state courts are the final arbiters of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). *See Smith v. Moore*, 137 F.3d 808, 822 (4th Cir.1998) (refusing to entertain claim that jury instruction misstated South Carolina law). At most, habeas review, therefore, is limited to a consideration of whether any prejudice from the admission of the evidence so outweighed its probative value as to give rise to "circumstances impugning fundamental fairness or infringing specific constitutional protections." *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir.1960). The petitioner here has made no such showing. Accordingly, the claim fails.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 22) be granted.

February 1, 2010  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge