

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| GARY LEGRANDE WISE, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:09-1361-HFF-WMC |
| | § | |
| WARDEN, Turbeville Correctional Institution, | § | |
| Respondent. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 1, 2010, and the Clerk of Court entered Petitioner's objections to the Report on February 10, 2010.

As summarized in the Report, Petitioner raises three grounds for relief in his Petition: "(1) Involuntary Guilty Plea (2) Unconstitutional Ineffective Assistance of Counsel (3) Prior Bad Acts Hearsay Testimony." (Report 4.) The Magistrate Judge considered and rejected each of the arguments.

Before addressing Petitioner's numerous objections to the Report, the Court will first consider Petitioner's argument that the Court should be disqualified from hearing his petition. On January 12, 2010, Petitioner filed a motion to disqualify this Court and the Magistrate Judge from hearing his § 2254 petition. The following day, the Magistrate Judge entered a text order denying this motion.

Petitioner's motion to disqualify the Court consists mainly of conclusory allegations, but his main argument appears to be that the Court is biased because it has rejected Petitioner's prior claims for relief in earlier lawsuits.[1] The Court agrees with the Magistrate Judge that Petitioner's motion is meritless. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008). To the extent that Petitioner is objecting to the Magistrate Judge's pretrial order denying the motion for disqualification, the Court dismisses his objection and concludes that the Magistrate Judge's determination was not "clearly erroneous" nor "contrary to law." *See* Fed. R. Civ. P. 72(a) (setting forth procedure for addressing objections to pretrial order of magistrate judge).

Moving on to Petitioner's other objections, Petitioner raises "six federal questions of exceptional importance." Those issues include:

---

[1] Petitioner is a frequent filer of lawsuits with the Court, but this appears to be his first § 2254 petition.

> (1) Whether the trial court had jurisdiction of the subject matter, to except [sic] Mr. Wise's guilty plea?
> (2) Whether Mr. Wise has a constitutional right to raise "subject matter jurisdiction" for the "first time" in his "habeas corpus proceedings."
> (3) Whether Mr. Wise's paid counsel was unconstitutionally ineffective, where he had to know that § 16-15-140 is not a lesser included offense of § 16-3-655(1) and "did not" withdraw Mr. Wise's guilty plea?
> (4) Whether Mr. Wise's action states a valid claim for "outrageous government conduct" where [the Court has denied his motion for recusal].
> (5) Whether these judges ruling on Mr. Wise's medical claims and denying Mr. Wise any form of adequate remedy at all by law which Mr. Wise would have been redressed. [sic] And causing a "worsening" of Mr. Wise's physical mental, emotional and legal injuries violates Mr. Wise's constitutional rights?
> (6) Whether these judges are denying Mr. Wise "one fair bite of the judicial apple?"

(Pet'r's Objection 2-3.)

Petitioner's six enumerated objections fall into three general categories: (1) bias of the Court, (2) a challenge to the jurisdiction of the trial court, and (3) ineffective assistance of counsel claims. In addition to these enumerated objections, Petitioner also includes objections related to his allegedly involuntary guilty plea and other general objections. Each of these various categories of objections will be considered in turn.

Enumerated objections four, five, and six all relate to the bias of the Court and the failure of the Court to recuse itself from deciding Petitioner's habeas petition. Petitioner asserts that the Court's denial of his recusal motion constitutes "outrageous government conduct." (Pet'r's Objections 2.) He also alleges that the Court's bias and prejudice violates his constitutional rights and effectively precludes judicial review of his state court conviction. In making these arguments, Petitioner refers to some of his prior cases, which alleged deliberate indifference to his medical

3

needs, and he insists that the Court's denial of any relief in these lawsuits has worsened his medical condition. As explained above, Petitioner's allegations of bias by the Court are merely conclusory and unsupported by evidence. Thus, the Court finds these objections to be without merit.

    A.  *Objections Related to Trial Court's Subject Matter Jurisdiction*

  Objections one and two challenge the subject matter of the trial court to accept Petitioner's guilty plea. This argument emerges as the recurring theme of Petitioner's Objections. Though his jurisdictional argument is most often couched in general and conclusory terms, Petitioner does indicate that the trial judge should have known "that § 16-15-140 is not a lesser included offense of § 16-3-655, which establishes that the Court 'did not' have jurisdiction over the subject matter of Mr. Wise's criminal action." (Pet'r's Objections 12.) Later in his Objections, Petitioner states that "the alleged lewd act was not a lesser-included offense, and the defendant did not waive presentment to the Grand Jury Code 1976 §§ 16-3-655(1), 16-15-140, 17-19-10." (Pet'r's Objections 13.)

  The Court begins by noting that Petitioner failed to raise the subject matter jurisdiction argument in his original petition, and, thus, it was not addressed in the Report. Nonetheless, the Court will consider it here.

  At the time he was convicted, South Carolina courts applied the rule that a "circuit court has subject matter jurisdiction over a criminal offense if: (1) there has been an indictment that sufficiently states the offense; (2) there has been a waiver of indictment; or (3) the charge is a lesser-included offense of the crime charged in the indictment." *State v. Dudley*, 354 S.C. 514, 522, 581 S.E.2d 171, 175 (S.C. App. 2003). Viewing Petitioner's argument in light of this authority, Petitioner appears to be suggesting that the trial court lacked jurisdiction because the indictment was never presented to the Grand Jury. Additionally, Petitioner contends that jurisdiction is further

4

lacking because § 16-15-140 (committing or attempting to commit a lewd act upon a child under 16) is not a lesser included offense of § 16-3-655 (criminal sexual conduct with a minor).

However, since the time of his conviction, the South Carolina Supreme Court has clarified the meaning of subject matter jurisdiction in criminal matters, distinguishing between subject matter jurisdiction and defects in the indictment. *See State v. Gentry*, 363 S.C. 93, 99-103, 610 S.E.2d 494, 498-500 (S.C. 2005) (explaining difference between jurisdiction and defective indictments and noting that a defective indictment alone does not deprive trial court of jurisdiction). The *Gentry* Court noted that "subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong . . . . Circuit courts obviously have subject matter jurisdiction to try criminal matters." *Id.* at 100-01. Defects in the indictment, in contrast, are not jurisdictional. The court held that

> if an indictment is challenged as insufficient or defective, the defendant must raise that issue before the jury is sworn and not afterwards. . . . However, a defendant may for the first time on appeal raise the issue of the trial court's jurisdiction to try the class of case of which the defendant was convicted.

*Id.* at 101-102. Relevant to Petitioner's challenge, the court also noted that "a presentment of an indictment or a waiver of presentment is not needed to confer subject matter jurisdiction on the circuit court. However, an indictment is needed to give notice to the defendant of the charge(s) against him." *Id.* at 102 n.6.

Regardless of whether Petitioner's challenge is treated as a challenge to the indictment or as a challenge to the trial court's subject matter jurisdiction, his argument fails. A Florence County Grand Jury returned an eight-count indictment against him, which sufficiently states the offenses with which Petitioner was charged. Petitioner himself provided the Court with a copy of the

5

indictment when he filed this habeas petition. (Pet'r's Pet. Ex. 10.) Petitioner pled guilty to counts two, four, six, and eight, all charging Petitioner with a lewd act on a minor child in violation of S.C. Code Ann. § 16-15-140. (Pet'r's Pet. Ex. 3, Plea Tr. 16.) At his plea hearing, Petitioner admitted to seeing the indictment and understanding the charges presented in it. (Pet'r's Pet. Ex. 3, Plea Tr. 7-9.) Thus, he had notice of the charges against him. Because Petitioner's own evidence establishes that a Florence County Grand Jury returned a true bill of indictment against him on January 18, 2001, and because, under *Gentry*, circuit courts have subject matter jurisdiction to try criminal matters, his argument that the trial court lacked jurisdiction over him is meritless.[2]

Petitioner also repeatedly argues that the trial court lacked jurisdiction because S.C. Code Ann. § 16-15-140 is not a lesser included offense of § 16-3-655. Again, this argument is without merit because, as previously stated, a circuit court has jurisdiction to try criminal matters arising under state law. To the extent that Petitioner is challenging the indictment, his argument also fails. As noted above, "a challenge to the indictment on the ground of insufficiency must be made before the jury is sworn." *Gentry*, 363 S.C. at 102. Petitioner failed to challenge the indictment before his guilty plea, and he also failed to challenge the sufficiency of the indictment during his two state habeas actions. Thus, because he would be precluded from challenging the indictment under state law, he is procedurally barred from advancing this argument in his § 2254. *See generally Sharpe v. Bell*, No. 09-6206, 2010 U.S. App. LEXIS 2021(4th Cir. Jan. 29, 2010) (discussing procedural default).

---

[2]Though it should be evident, Petitioner's presentment argument also fails because presentment is not a requirement for subject matter jurisdiction. Additionally, the indictment at issue was presented to a grand jury and Petitioner was on notice of the charges against him.

6

Moreover, Petitioner fails to explain how the indictment is insufficient. The indictment describes in detail the offenses and the elements of the offenses that Petitioner was charged with. (Pet'r's Pet. Ex. 10); *see also Gentry*, 393 S.C. at 102-3 (noting court should judge sufficiency of indictment by considering "whether (1) the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, and the defendant to know what he is called upon to answer and whether he may plead an acquittal or conviction thereon; and (2) whether it apprises the defendant of the elements of the offense that is intended to be charged."). Thus, the indictment at issue was sufficient.

   B.  *Objections Related to Ineffective Assistance of Counsel Claim*

The Report addresses and rejects Petitioner's argument that his trial counsel was ineffective prior to and during his guilty plea. (Report 11-12.) Specifically, the Magistrate Judge concluded that Petitioner was procedurally barred from raising his ineffective assistance of counsel claims now because he is precluded by state rules from returning to state court to litigate the issue.

Petitioner fails to challenge the Magistrate Judge's assertion that he is procedurally barred from raising his ineffective assistance of trial counsel claim before the Court. Instead, he couches his ineffective assistance argument in different terms. First, as quoted above, he asserts that trial counsel was ineffective for failing to withdraw his client's guilty plea when he "had to know" that § 16-15-140 is not a lesser included offense of § 16-3-655. (Pet'r's Objections 2.) This argument is a continuation of the argument that the trial court lacked subject matter jurisdiction over Petitioner's case. As explained above, however, the trial court possessed subject matter jurisdiction and the indictment was not defective. Thus, this first ineffective assistance of counsel argument is without merit.

Petitioner also contends that his attorney was ineffective for failing to object when the solicitor recommended the maximum sentence because that recommendation was contrary to the plea agreement. (Pet'r's Objections 11.) This argument fails for two reasons. First, after reviewing the plea transcript, the Court failed to discover any sentence recommendation by the assistant solicitor. In fact, the assistant solicitor explicitly stated that no recommendation was being made concerning sentencing. (Pet'r's Pet. Ex. 3, PCR Tr. 5.) Second, Petitioner raised this same argument before Judge Breeden in his first state PCR action. Judge Breeden held a hearing and both Petitioner and his trial counsel testified. Trial counsel testified that he explained the plea agreement to Petitioner and how the charges carried the possibility of sixty years in prison, fifteen on each count. (Pet'r's Pet. Ex. 3, PCR Tr. 24.) He also testified that he explained to Petitioner that he hoped that the trial judge would run the sentences concurrent, but he did not promise him that, and he certainly did not promise Petitioner probation. (Pet'r's Pet. Ex. 3, PCR Tr. 22, 24-25.)

Judge Breeden heard the testimony and weighed the credibility of the witnesses, and he rejected Petitioner's ineffective assistance of counsel claim, finding Petitioner's trial counsel's testimony to be more credible than Petitioner's. (Resp't's Return and Mem. Ex. 2.) Just a few days before the Magistrate Judge filed the Report, the Court of Appeals for the Fourth Circuit, in a published opinion, addressed the deference due to state courts in § 2254 proceedings by stating,

> Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part. This is especially so when the court resolved issues like witness credibility, which are "factual determinations" for purposes of Section 2254(e)(1). "[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."

*Sharpe*, 2010 U.S. App. LEXIS 2021 at *12-13 (citations omitted). Having carefully reviewed the PCR transcript and Judge Breeden's Order, the Court fails to find any "stark and clear" error. Thus, as the facts surrounding Petitioner's plea agreement were previously decided in state court and as the Court agrees with the legal implications of these factual findings, Petitioner's ineffective assistance of counsel argument is without merit.

### C. *Objections Related to Involuntary Guilty Plea*

Ground One in Petitioner's habeas petition sought relief on the basis that his guilty plea was involuntary. Petitioner restates this argument in his Objections, and he insists that he was coerced into pleading guilty by his attorney and the assistant solicitor. (Pet'r's Objections 5, 8-9, 13.) After reviewing the record, the Magistrate Judge concluded that Petitioner had a full understanding of the consequences of his guilty plea, and, for the reasons stated in the Report, the Court agrees. Thus, Petitioner's objections as to the voluntariness of his guilty plea are without merit.

### D. *Petitioner's Other Objections*

Petitioner's remaining objections consist largely of general statements of legal principles and conclusory allegations. Specific objections are necessary to focus the Court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985) (requiring specific objections to a magistrate judge's report to enable district court judges to focus on disputed issues and to prevent "sandbagging" of district judges by litigants who fail to object and then appeal). Because general objections to the Magistrate Judge's Report do not direct the Court's attention to any specific portion of the Report, they are tantamount to a failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate

9

[judge]'s report has the same effects as would a failure to object."). Thus, Petitioner's remaining objections are without merit.

Petitioner's Objections also contain a Federal Rule of Civil Procedure 12(f) motion to strike various portions of the R & R. This motion is without merit and is denied.

A week after he filed his Objections, Petitioner filed several documents, most of which were previously filed and considered by the Magistrate Judge. Petitioner's lead filing appears to be new and is captioned as an "Emergency Petitioner [sic] for writ of Mandamus." In that document, Petitioner asks the Court to address issues that were not addressed by the Magistrate Judge. These issues include the voluntary nature of his guilty plea, the trial court's subject matter jurisdiction, defects in the indictment and whether it was presented to the Grand Jury, and ineffective assistance of counsel. The Court addressed all of these issues above. Thus, to the extent these arguments are construed as supplements to his Objections, they are without merit. To the extent the filing is construed as a petition for a writ of mandamus, it is dismissed.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment be **GRANTED**.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 26th day of February, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.